# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TERESA MURRAY, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-18-232-KEW
 )
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Teresa Murray (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner=s decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 50 years old at the time of the ALJ's decision.

Claimant completed her high school education and attended two semesters of college. Claimant completed a vocational course and earned certification as a habilitation training specialist. Claimant has worked in the past as a residential care aide, an employment training specialist, a door-to-door sales representative, a receptionist, and an administrative clerk. Claimant alleges an inability to work beginning November 20, 2015 due to limitations resulting from pain in her back, neck, and knees.

**Procedural History**

On November 20, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. ' 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 28, 2017, Administrative Law Judge ("ALJ") Michael Mannes conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from McAlester Oklahoma. On October 23, 2017, the ALJ issued an unfavorable decision. On June 21, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981,

416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in finding that Claimant had transferable skills at step five.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of osteoarthritis, chronic pain, and obesity. (Tr. 13). The ALJ determined Claimant could perform sedentary work except that she could only occasionally lift, carry, push or pull ten pounds and frequently less than ten pounds, sit for six hours in an eight hour workday, stand or walk for two hours in an eight hour workday, frequently reach, handle, or finger, occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, frequently balance, and only occasionally stoop, kneel, crouch, or crawl. (Tr. 15). After consultation with a vocational expert, the ALJ found Claimant could perform the representative

5

jobs of order clerk, document preparer, and touch up screener, all of which were found to exist in sufficient numbers in the regional and national economies. (Tr. 19). As a result, the ALJ found Claimant was not under a disability from November 20, 2015 through the date of the decision. Id.

Claimant contends that the ALJ's finding that she had transferable skills at step five was erroneous and not based on substantial evidence. In order for the ALJ to make a proper finding of transferable skills, he must (1) "identify the specific skills actually acquired by the claimant," (2) identify the "specific occupations to which those skills are transferable," and (3) support the findings "by appropriate documentation." Dikeman v. Halter, 245 F.3d 1182, 1185 (10th Cir. 2001) quoting Soc. Sec. R. 82-41, 1982 WL 31389 at *7.

A "skill" is defined as

> knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting

6

>      up and operating complex machinery. A skill
>      gives a person a special advantage over
>      unskilled workers in the labor market.
>
>      <u>Titles II & XVI: Work Skills & Their
>      Transferability As Intended by the Expanded
>      Vocational Factors Regulations Effective Feb.
>      26, 1979</u>, Soc. Sec. R. 82-41, 1982 WL 31389,
>      *2 (1982).

In his decision, the ALJ concluded Claimant "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (Tr. 18). He did not specifically identify the particular skills which he considered were transferable from Claimant's past relevant work. Curiously, the ALJ asked the vocational expert at the administrative hearing

    Q:  Okay. Does the Claimant have any transferable skills?

    A:  Yes, Your Honor.

    Q:  Okay and what would those be? She does have transferable skills?

    A:  Yes.

(Tr. 62).

The ALJ clearly recognized the requirement for him to identify the transferable skills acquired by Claimant but he did not follow up to determine from the vocational expert precisely the nature of

7

the skills. Claimant discussed in her testimony the various tasks involved in her past relevant work of a residential care aide and the education, training, and certification which she obtained. (Tr. 42-43). However, the ALJ did not identify which skills were transferable to the representative jobs specified by the vocational expert. When the ALJ fails to make the required findings on the specific skills which are allegedly transferable and fails to develop the record on such skills, the omission constitutes reversible error. Ware v. Barnhart, 123 Fed. Appx. 335, 338 (10th Cir. 2005).

Defendant essentially admits in the briefing that the ALJ failed to meet his obligation to make the required findings on Claimant's transferable skills. She then argues that the error was harmless because the ALJ should have found Claimant could perform her past relevant work as a receptionist. Defendant invites the Court to rewrite the ALJ's decision in a stretch to affirm the conclusions of disability. We decline the invitation. The ALJ never identified Claimant's receptionist employment as past relevant work and made no findings with regard to Claimant's ability to engage in the basic work activities involved in the work. (Tr. 18). This is not a case of an ALJ failing to reference

a piece of evidence in his analysis.  Rather, Defendant would have this Court create an argument and findings at step four which the decision fails to indicate he ever considered.  This represents the epitome of an impermissible *post hoc* rationalization for the ALJ's flawed analysis and conclusions.  <u>Franz v. Astrue</u>, 509 F.3d 1299, 1302 (10th Cir. 2007).  The error in failing to make the required findings at step five on the transferable skills from Claimant's past relevant work constituted harm since it could have led to a finding of disability.  On remand, the ALJ shall reevaluate his step five findings consistent with this Opinion and Order.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. ' 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2019.

*[signature]*
_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE